WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Alan Antar,<br><br>Defendant. | No. CV-12-00677-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Default Judgment (Doc. 18). The Clerk of the Court entered default on July 17, 2012 (Doc. 15). Plaintiff now seeks default judgment in the amount of $111,750,000.

Plaintiff's damages are broken down into three categories: 1) statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); 2) enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);[1] and 3) conversion damages pursuant to Arizona law. Plaintiff seeks $10,000, $100,000, and $1,750, in the respective categories.

---

[1] Statutory and Enhanced Damages arise under Count I of the Complaint. Conversion Damages arise under Count III of the Complaint. Count II of the Complaint alleges violations of 47 U.S.C. § 553. However, Plaintiff contends that it only seeks liability and damages on its claim under 47 U.S.C. section 605 and its claim for conversion and does not seek damages for its claim under 47 U.S.C. § 553. (Doc. 18-1 at 3). Accordingly, the Court will award Plaintiff no damages on Count II of its Complaint.

## I. STATUTORY DAMAGES

Statutory damages are appropriate pursuant to 47 U.S.C. section 605 when actual damages cannot be easily proven. *J & J Sports Productions, Inc. v. Canedo,* No. C 09-01488 PJH, 2009 WL 4572740, at *5 (N.D. Cal. 2009). "Under § 605(e)(3)(C)(i)(II), an aggrieved party may recover 'a sum not less than $1,000 or more than $10,000, as the court considers just' for each violation." *J & J Sports Productions Inc. v. Miramontes,* No. CV-10-02345-PHX-FJM, 2011 WL 892350, at * 2 (D. Ariz. March 14, 2011) (internal citation omitted). Further, "[a]n award of damages should deter future conduct but not destroy the business." *Id.* (quoting *Kingvision Pay–Per–View v. Lake Alice Bar,* 168 F.3d 347, 360 (9th Cir. 2009)).

In awarding statutory damages pursuant to 47 U.S.C. section 605, courts in this district have considered factors such as the maximum capacity of the commercial establishment, the total number of patrons present at the time of the unauthorized showing, and the amount defendant would have paid if it had purchased the rights to show the broadcast. *See*, *e.g.*, *id.*

In this case, Plaintiff has presented evidence that the Program was broadcast on 32 televisions to between 45 and 51 patrons, and the capacity of the sports bar was approximately 404 patrons. Plaintiff offered no information about what an establishment with a capacity of 404 patrons would have had to pay for the program. Based on the size of the establishment and number of patrons present, the Court finds a $3,000 penalty to be appropriate and will award $3,000 under § 605(e)(3)(C)(i)(II).

Further, "[e]nhanced damages are awarded upon a showing that defendant acted willfully and for the purpose of direct or indirect commercial advantage or private financial gain. Under § 605(e)(3)(C)(ii), the court may award up to $100,000 . . ." *Miramontes,* 2011 WL 892350, *2. In deciding whether to award enhanced damages,

> Courts generally consider factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging

>premium menu and drink prices.  *See Kingvision Pay–Per–View v. Gutierrez,* 544 F.Supp.2d 1179, 1185 (D. Colo. 2008). Some courts find the mere unauthorized showing of a program sufficient to award enhanced damages because given the low probability of accidentally showing it, it must have been done willfully and for profit.  *See Entertainment By J & J, Inc. v. Al–Waha Enter., Inc.,* 219 F.Supp.2d 769, 776 (S.D. Tex. 2002).

*Id.*

Here, there is evidence of 2 other violations,[2] and there is evidence there was no cover charge. There is no evidence that there were substantial unlawful monetary gains, advertising, or premium drink or menu prices. Further, Plaintiff alleged that Defendant's showing of the fight was willful and that allegation is accepted as true for purposes of default judgment. *See J & J Sports Productions, Inc. v. Marcaida,* No. 10-5125 SC, 2011 WL 2149923, at *2 (N.D. Cal. May 31, 2011) (noting that it is extremely unlikely that the signal to display the fight is acquired inadvertently and, thus, without evidence of the absence of willfulness, the Court can assume that Defendant acted willfully and for the purposes of commercial advantage warranting enhanced damages). Because Plaintiff has presented some evidence of repeat violations, the Court finds that $10,000 in enhanced damages to be appropriate. *See Joe Hand Promotions, Inc. v. Coen*, No. CV 11-2531-PHX-JAT, 2012 WL 2919710, *2 (D. Ariz. July 17, 2012) (awarding $10,000 in enhanced damages for deterrence purposes).

## II. DAMAGES FOR CONVERSION

Plaintiff also seeks $1,750 in conversion damages. "Conversion is any act of dominion wrongfully asserted over another's personal property in denial of or

---

[2] Although Plaintiff contends that it has presented evidence of six other violations, this Court does not consider the simple filing of a complaint to be evidence of an actual violation. Plaintiff has presented evidence that two other Courts entered default judgment against Defendant, and, thus, the Court finds that there is evidence that Defendant violated the statute two other times.

- 3 -

inconsistent with his rights therein." *Scott v. Allstate Ins. Co.*, 553 P.2d 1221, 1225 (Ariz. Ct. App. 1976). Under Arizona law, "the measure of conversion damages includes not only the value of the property taken, but also other damage suffered because of the wrongful detention or deprivation of the property." *Collins v. First Fin. Servs., Inc.,* 815 P.2d 411, 413 (Ariz. Ct. App. 1991).

Plaintiff seeks $1,750 in conversion damages, but does not explain how the value of what was converted was $1,750. Further, Plaintiff states that the evidence of conversion is in the *Gagliardi Affidavit* at ¶ 8. Doc. 18-1 at 14. No such affidavit is in this record. Accordingly, because the Court has no evidence of conversion damages, the request for conversion damages will be denied, including that the Court will not award nominal damages.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Application for Default Judgment (Doc. 18) is granted as set forth herein. The Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of 13,000.00. Plaintiff may move for attorney's fees as provided in the Local Rules of Civil Procedure.

Dated this 27th day of March, 2013.

James A. Teilborg
Senior United States District Judge